IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW CEJAS,

        Plaintiff,               No. CIV S-05-1799 LKK GGH P

    vs.

LOU BLANAS, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 19, 2007, the court recommended that this action be dismissed for plaintiff's failure to file a third amended complaint in accordance with the order filed November 3, 2006. On February 15, 2007, plaintiff filed objections to the findings and recommendations. Attached to the objections is the third amended complaint. Good cause appearing, the findings and recommendations are vacated and the court considers the amended complaint.

        Named as defendants are Sacramento County Sheriff Blanas, Sacramento County, Sacramento County Sheriff's Department, Sacramento County Supervisors, Captain Iwasa, Sergeant Sherrel, Sergeant Guerrero, Lieutenant Bunce, Lieutenant Woo, Deputy Margetti, Deputy Oreschak and the California Department of Corrections. The court will set forth plaintiff's factual allegations made against the defendants.

1

1    Plaintiff alleges that on January 6, 2005, defendant Margetti told plaintiff that he
2 looked stupid as he went up stairs in his jail tier. Defendant Margetti told all of the inmates in
3 the tier that if plaintiff did not go back down and come up the other set of stairs, all of the
4 inmates in the tier would lose their dayroom access.  Later that evening, defendant Margetti
5 released all of the inmates in plaintiff's tier except for plaintiff to dayroom

6    Defendants Iwasa, Sherrel and Bunce failed to respond to plaintiff's
7 administrative grievances regarding defendant Margetti's conduct.

8    On October 15, 2004, defendant Margetti ordered the inmates in plaintiff's tier to
9 lockdown. She then stated that a couple of inmates had made vulgar comments to female
10 deputies and that the inmates would remain on lockdown until someone came forward and
11 admitted making the comments. The inmates were then locked down for two to three days.

12    On October 17, 2004, defendant Oreschak told the inmates on plaintiff's tier that
13 they lost their dayroom because inmates were passing items during pill call.

14    On November 4, 2004, plaintiff sent a letter to defendant Iwasa complaining about
15 retaliation. Defendant Iwasa did not respond to this letter.

16    On October 25, 2004, defendant Oreschak did not give plaintiff's pod dayroom
17 privileges. Plaintiff alleges that defendant Oreschak denied the pod dayroom in retaliation for a
18 grievance signed by all of the inmates in the pod.

19    On October 31, 2004, plaintiff submitted an administrative grievance. Plaintiff
20 alleges that defendant Oreschak retaliated against him for filing the grievance by placing
21 plaintiff's tier on lockdown during his shift. On November 2, 2004, defendant Oreschek stated
22 over the intercom, "Tonight we will have outdoor recreation and dayroom, hopefully those bad
23 apples won't spoil it for everyone else." Plaintiff claims that this statement is evidence of
24 defendant Oreschek's retaliatory motive.

25 /////

26 /////

The amended complaint contains five legal claims.  First, plaintiff alleges that he was denied due process.  In particular, plaintiff alleges that he did not receive due process before he was punished.  Plaintiff is apparently alleging that he was denied due process before he was denied access to the dayroom on the three occasions alleged above and prior to being placed on lockdown for two to three days.

Under the Due Process Clause, a pretrial detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.  Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979).  For a particular governmental action to constitute punishment 1) that action must cause the detainee to suffer some harm or disability, and 2) the purpose of the governmental action must be to punish.  Bell, 441 U.S. at 538, 99 S.Ct. 1861.  To constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement.  Bell, 441 U.S. at 537, 99 S.Ct. 1861.

The denial of access to the dayroom on three occasions and being placed on lockdown for two to three days does not constitute punishment as defined above.  Accordingly, the court will separately recommend the dismissal of plaintiff's due process claims.

In his second claim for relief, plaintiff alleges that he was denied Equal Protection of the law.  Plaintiff alleges that because he was poor, he could not afford to post bail. Wealthier persons can afford to post bail and have unrestricted access to counsel, the opportunity to do legal research, etc.  This legal claim is unrelated to any of the factual allegations contained in the complaint.  Plaintiff does not link any particular defendant to this claim.  In any event, this claim does not state a colorable Equal Protection Claim.  Accordingly, the court will separately recommend dismissal of plaintiff's Equal Protection claim.

In his third claim for relief, plaintiff alleges that he was denied a fair trial.  In particular, plaintiff alleges that the conditions of the jail are physically and psychologically oppressive.  Because of these conditions, plaintiff could not be an effective witness for himself

1    and could not assist in the preparation of his defense. Again, this legal claim is unrelated to any
2    of the factual allegations contained in the amended complaint. Moreover, a claim that plaintiff
3    was unable to assist in the preparation of his defense or was not an effective witness due to jail
4    conditions may be more appropriately raised in a petition for writ of habeas corpus challenging
5    the validity of his conviction. Accordingly, the court will separately recommend dismissal of this
6    claim.

7    In his fourth claim for relief, plaintiff alleges that defendants violated his due
8    process rights by failing to properly process his administrative grievances. There is no liberty
9    interest in the processing of administrative appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th
10   Cir. 2003); see also Mann v. Adams, 855 F.2d 639 (9th Cir. 1988). Accordingly, the court will
11   separately recommend dismissal of this claim.

12   In his fifth claim for relief, plaintiff alleges that he was denied his right to freedom
13   of expression, communication and association. In particular, plaintiff alleges that he was
14   retaliated against for filing administrative grievances. Plaintiff's retaliation claim is apparently
15   made against defendant Oreschak for denying plaintiff access to the day room on October 25,
16   2004, and October 31, 2004. Plaintiff has stated a colorable retaliation claim against defendant
17   Oreschak.

18   Plaintiff's amended complaint includes state law claims against defendant
19   California Department of Corrections (CDC). Plaintiff alleges that defendant CDC violated
20   California Penal Code sections 4016.5 and 4019.5(e). Section 4016.5 provides, in relevant part,
21   that the CDC shall reimburse counties for the costs incurred resulting from the detention of a
22   state prisoner, a person sentenced or referred to the state prison, or a parolee and from parole
23   revocation proceedings when certain conditions are met. Section 4019.5(e) that every public
24   official in charge of a prison, jail or other place of detention shall keep a record of all disciplinary
25   infractions and punishment administered therefor.
26   /////

These sections of the California Penal Code do not provide for a private cause of action. Accordingly, these claims are legally frivolous and should be dismissed.

The third amended complaint also contains no specific allegations against defendants Sacramento County Sheriff's Supervisors, Sacramento County Sheriff Blanas, Sacramento County, Sacramento County Sheriff's Department, Guerrero and Woo.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Sacramento County Supervisors, Sacramento County Sheriff Blanas, Sacramento County, Sacramento County Sheriff's

5

Department, Guerrero and Woo to the alleged deprivations, the court separately recommends that these defendants be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendant: Oreschak.

2. The Clerk of the Court shall send plaintiff 1 USM-285 form, one summons, an instruction sheet and a copy of the amended complaint filed February 15, 2007, attached to plaintiff's objections.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Two copies of the endorsed complaint filed February 15, 2007.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: 5/30/07                                    /s/ Gregory G. Hollows

                                                              UNITED STATES MAGISTRATE JUDGE

ceja1799.ame

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW CEJAS,

    Plaintiff,                         No. CIV S-05-1799 LKK GGH P

    vs.

LOU BLANAS, et al.,                 NOTICE OF SUBMISSION

    Defendants.               OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____    completed summons form

        _____    completed USM-285 forms

        _____    copies of the _____
                              Complaint/Amended Complaint

DATED:

                                    _____
                                    Plaintiff