IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW CEJAS,

        Plaintiff,                     No. CIV S-05-1799 LKK GGH P

    vs.

LOU BLANAS, et al.,

        Defendants.          <u>ORDER</u>

_____/

        On November 7, 2007, plaintiff filed a document titled "Objections to Magistrate's Report and Recommendation." <u>See</u> court file doc. 47. In this pleading, plaintiff states that he is objecting to the October 22, 2007, order dismissing all claims in the amended complaint but for the retaliation claims against defendant Oreschak. Plaintiff argues that the court did not conduct a de novo review of the case. Plaintiff argues that the court did not adequately review the entire file.

        On October 22, 2007, this court adopted the May 30, 2007, findings and recommendations recommending that all claims in the amended complaint but for the retaliation claims against defendant Oreschak be dismissed. The court construes plaintiff's November 7, 2007, objections as a request for reconsideration of that order.

/////

## Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly

erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

In the instant action, the court conducted a proper de novo review of the case.  The court also adequately reviewed the entire file.  Plaintiff's request for reconsideration is without merit.

/////

/////

1
2        Therefore, IT IS HEREBY ORDERED that, plaintiff's November 7, 2007,
3 objections, construed as request for reconsideration of the order filed October 22, 2007, is
4 denied.
5 DATED:   December 6, 2007.
6
7
8                                    /s/ Lawrence K. Karlton
                                     LAWRENCE K. KARLTON
                                     SENIOR JUDGE
9                                    UNITED STATES DISTRICT COURT
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26