1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW CEJAS,

11          Plaintiff,                    No. CIV S-05-1799 LKK GGH P

12      vs.

13   LOU BLANAS, et al.,

14          Defendant.                    ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  At the time of the alleged deprivations, plaintiff was a pretrial detainee in the

18   Sacramento County Jail.

19          This action is proceeding on the third amended complaint attached to plaintiff's

20   February 15, 2007, objections.  Plaintiff alleges that on October 25, 2004, defendant Oreschak

21   denied the entire pod dayroom access in retaliation for plaintiff's filing of a grievance signed by

22   all of the pod inmates regarding the denial of dayroom access.[1]  Plaintiff alleges that on October

23   31, 2004, defendant retaliated against him again for filing a grievance regarding dayroom access

24   by placing plaintiff's pod on lockdown.

25   _____

26      [1] The other claims in the third amended complaint were previously dismissed.

1    Pending before the court is defendant's summary judgment motion filed May 4,

2    2009.  For the following reasons, the court orders the parties to file further briefing on whether

3    defendant should be granted summary judgment because the injury suffered by plaintiff as a

4    result of defendant's conduct was de minimis.  Cool Fuel, Inc. v. Connett, 685 F.2d 309, 311 (9th

5    Cir. 1982) (court may sua sponte grant summary judgment if a litigant is given reasonable notice

6    that the sufficiency of their claim is at issue).

7    Allegations of retaliation against a prisoner's First Amendment rights to speech or

8    to petition the government may support a § 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532

9    (9th Cir.1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir.1989); Pratt v.

10   Rowland, 65 F.3d 802, 807 (9th Cir.1995).

11   "Within the prison context, a viable claim of First Amendment retaliation entails

12   five basic elements: (1) An assertion that a state actor took some adverse action against an inmate

13   (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

14   exercise of his First Amendment rights, and (5) the action did not reasonably advance a

15   legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

16   In the summary judgment motion, defendant does not dispute that on October 25,

17   2004, and October 31, 2004, he denied dayroom access to the inmates in plaintiff's pod.

18   Defendant argues that he is entitled to summary judgment because the pod lost dayroom access in

19   order to advance a legitimate correctional goal.  In particular, defendant states that on these days

20   inmates were passing unauthorized items during pill call.  See summary judgment motion,

21   exhibit C, defendant's declaration, ¶ 4.  According to defendant, inmates passing items during

22   pill call is a significant problem for staff because it not only hinders the distribution of

23   medications to inmates, but can also result in the passing of contraband items, kites and/or

24   weapons between inmates.  Id.

25   In his opposition, plaintiff argues that putting the pod on lockdown did not

26   advance legitimate correctional goals.  In his verified declaration submitted in support of his

1    opposition, plaintiff states that inmates passing items during pill call is not a significant problem

2    because it does not hinder staff in the distribution of medication.  Plaintiff also states that during

3    pill call, no weapons or contraband have ever been passed because a deputy has always been

4    present.  Based on these statements, the court finds that whether placing the inmates on

5    lockdowns on these dates advanced legitimate penological goals is a materially disputed fact.

6         Defendant also moves for summary judgment on grounds that prior to October 25,

7    2004, and October 31, 2004, he was unaware that plaintiff had filed an inmate grievance

8    concerning the denial of dayroom access.  Id., ¶ 6.  However, because the alleged retaliation

9    occurred almost contemporaneously to when plaintiff filed his grievances, the court must

10   reasonably infer in plaintiff's favor that defendant knew of the grievances.

11        In order to state a colorable retaliation claim, an inmate must allege either that the

12   alleged retaliation either chilled the inmate's exercise of his First Amendment rights or that he

13   suffered more than minimal harm.  Rhodes, 408 F.3d at 567 n. 11.  In Morris v. Powell, 449 F.3d

14   682 (5th Cir. 2006), the Fifth Circuit discussed what constitutes minimal harm in the context of a

15   retaliation claim.  The Fifth Circuit adopted the standard used by the D.C. and Sixth Circuits for

16   evaluating the quantum of retaliation necessary to support an inmate's 1983 claim: an inmate's

17   retaliation claim must allege adverse acts that would chill or silence a person of ordinary

18   firmness from future First Amendment activities."  Morris v. Powell, 449 F.3d at 685-886, citing

19   Crawford-El v. Britton, 93 F.3d 813, 826 (D.C. 1996) (en banc), vacated on other grounds, 523

20   U.S. 574, 118 S.Ct. 1584 (1998); Thaddeus-X v. Blatter, 175 F.3d 378, 397 (6th Cir. 1999).   In

21   Morris, the Fifth Circuit stated that this "standard achieves the proper balance between the need

22   to recognize valid retaliation claims and the danger of 'federal courts embroil[ing] themselves in

23   every disciplinary act that occurs in state penal institutions."  449 F.3d at 686, quoting Woods v.

24   Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

25        In the instant case, the court tentatively finds that the injury plaintiff  suffered as a

26   result of defendant's alleged retaliation, i.e. denial of dayroom access on two nonconsecutive

1  days, is so de minimis that it would not deter a person of ordinary firmess from pursuing First

2  Amendment activities.  As a result of no dayroom access, plaintiff could not use a telephone, take

3  a shower or watch television.  Going without showering, telephones and television for these

4  brief, non-consecutive periods of time is a de minimis hardship.

5          Accordingly, IT IS HEREBY ORDERED that within twenty days of the date of

6  this order, both parties shall file further briefing addressing the issue of whether plaintiff alleged

7  sufficient injury to support his retaliation claim.

8  DATED: 07/22/09

9

10                              /s/ Gregory G. Hollows
                         _____
11                              UNITED STATES MAGISTRATE JUDGE

12

13  cej1799.ofb

14

15

16

17

18

19

20

21

22

23

24

25

26

4